# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

LINDA L. KRESS,

          Plaintiff,

-vs-                                            Case No. 2:08-cv-54-FtM-34SPC

20TH JUDICIAL CIRCUIT, WILLIAM C.
MCIVER, and BOARD OF DIRECTORS,
EDISON COMMUNITY COLLEGE,

          Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This matter comes before the Court on the Plaintiff Linda Kress' Motion to Proceed *In Forma Pauperis* (IFP) (Doc. #8) filed on March 14, 2008. On January 24, 2008, the Plaintiff filed a Notice of Removal from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County Florida. The Plaintiff now moves for IFP in this Court.

## FACTS

     The Plaintiff in this matter is a Defendant in a State Court action styled The District Board of Trustees of Edison College v. Linda Kress, 07-ca-011610, in which the Board of Trustees of Edison College is seeking injunctive relief against the Plaintiff in this case, Linda Kress. Based upon a reading of the documents filed by the Plaintiff, she desires to remove that case to this Court. She requests the Court remove the injunction and stop the proceedings in the State court.

The Plaintiff states that a hearing took place before the Honorable Judge William C. McIver on a Motion for Injunctive Relief filed by the Board of Directors at Edison College. The Plaintiff states that Edison College provided false statements and false testimony against her. Based upon that alleged false testimony, Judge McIver issued an Injunction against the Plaintiff.

The Plaintiff further argues that Judge McIver allowed Members of the Edison College Board of Directors, employees, and students to "commit civil and criminal contempt in regards to this matter." (Doc. # 1, Ex. # 1, p. 3). The Plaintiff goes on to allege that Judge McIver allowed the Plaintiffs in the State court action to commit "acts of discrimination and violation of constitutional and civil rights, abuse, harassment, and retaliatory acts against her." (Doc. # 1, Ex. # 1, p. 3). She further alleges that Judge McIver committed judicial misconduct and that he also participated in the Defendants illegal actions. As such, the Plaintiff asks the Court to order Judge McIver to cease and desist being dishonorable, to terminate the State court's injunction against her, to dismiss the Order to Show Cause against her, and to dismiss the Motion for Civil and Criminal Contempt against her in the State court.

## DISCUSSION

The Plaintiff moves this Court for (1) the right to proceed *in forma pauperis* and (2) to have counsel appointed to represent her in her case.

### *(1) Whether the Plaintiff Should Proceed In Forma Pauperis*

A plaintiff may be allowed to proceed *in forma pauperis* if that plaintiff declares in an affidavit that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis,* the court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief

may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2).  If the complaint is deficient, the court is required to dismiss the suit *sua sponte*. Id.

The Supreme Court has noted that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitske v. Williams, 490 U.S. 319. 324, 109 S. Ct. 1827, 104 L.Ed. 2d 338 (1989). However, the Court cautioned that such a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. Id. at 327.  Further, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*) (citation and internal quotation marks omitted); Troville v. Venz, 303 F.3d 1256, 1260 n. 5 (11th Cir. 2002) (*per curiam*).

Despite the fact that the Plaintiff's Affidavit reveals that she has insufficient resources to conduct the litigation, the Plaintiff should not be permitted to proceed *in forma pauperis* in this action because she fails to present a factual or legal basis for her claims in the Complaint.

Initially, the Count notes, the Plaintiff's Complaint is deficient in facts, law, and actual claims considered to be proper pleading in Federal Court.  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Federal Rule of Civil Procedure 8 states in pertinent part:

>    (a) Claims for Relief
>
>     1. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Dismuke v. Florida Board of Governors, 2005 WL 1668895, *3 (M.D. Fla. July 8, 2005). The Plaintiff's Complaint fails to meet any of the standards outline in Rule 8. The Plaintiff makes no factual statements or legal arguments that support her position. She claims the Defendants violated her civil rights, committed fraud by making false statements in their testimony, discriminated against her, unknown retaliation claims, and that Judge McIver is guilty of judicial misconduct by allowing the fraudulent statements to be made. The Plaintiff makes no statement showing that she is entitled to relief.

Federal Rule 9(b) requires particularity when pleading fraud. U.S. ex rel. Butler v. Magellan Health Services, Inc., 101 F. Supp.2d 1365, 1368 (M.D. Fla.,2000). Rule 9 must be read in conjunction with the notice pleading requirements of Rule 8, Fed.R.Civ.P. when evaluating averments of fraud under the FCA. Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir.1988). Accordingly, parties must not only plead fraud with particularity but conform such pleadings of fraud to Rule 8. Magellan Health Services, 101 F. Supp.2d at 1368.

The Eleventh Circuit Court of Appeals has held that: "Allegations of date, time, or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule." Id. (citing Durham v.

Business Management Associates, 847 F.2d 1505, 1512 (11th Cir.1988)).  Rule 9(b) requires that allegations of fraud include: (1) precisely what [false or fraudulent] statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making or, in the case of omissions, not making same, and (3) the content of such statements and the manner in which they misled the Plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir.1997).

Here, the Plaintiff fails to supply any factual support as to who lied and presented false testimony, what the false statements were, and when those statements were made.  Therefore, there is no justification for the allegation of fraudulent testimony.

The Plaintiff also states she is the victim of discrimination, harassment, and retaliation. The Plaintiff does not cite any law to support her claims, nor does she state what kind of discrimination, nor the nature of the harassment against her.  Discrimination claims must be based upon more than mere conclusions.  Further, to establish a *prima facie* case for retaliation under Title VII, "a plaintiff must show: (1) actions protected by statute, (2) an adverse employment action, and (3) a causal link between the protected actions and the adverse employment decision." Jie Liu Tang v. University of South Florida, F. Supp. 2d 2005 WL 2334697 * 5 (M.D. Fla. September 23, 2005).  The Plaintiff fails to allege any of the requirements to bring a retaliation claim.  The same is true for the Plaintiff's harassment claim.  She presents no factual statements regarding the nature of the harassment.  It cannot be determined whether the harassment was sexual, racial, religious, or based upon national origin.  Without any factual allegations as to the nature of the harassment, the case cannot stand.

The Plaintiff also alleges judicial misconduct on the part of Judge McIver, but does not state any factual allegations that would support her claim. As a general rule, judges are absolutely immune from suit and civil liability. Callaway v. Bell, 2006 WL 1232826 *2 (M.D.Fla. May 8,2006) (citing Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.2000) ( "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.") (citations and internal quotations omitted). Therefore, the Plaintiff makes no allegations against Judge McIver that could withstand a motion to dismiss.

After a review of the Plaintiff's claims, this Court does not find any factual allegations or legal basis for any of her claims in her Complaint. Ordinarily, the Court might consider allowing the Plaintiff to amend her Complaint to comply with the Federal Rules, however, the basis for the Plaintiff's Motion stems from her seeking to remove a case from the State court.

The Plaintiff does not comply with the Local Rules required to remove a case from the State system to this Court. Under Local Rule 4.02(b), "[t]he party effecting removal shall file with the notice of removal a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, then on file in the State court. Here, the Plaintiff, who is the Defendant in the State case, files what appears to be a totally new complaint – a new and separate action alleging Constitutional violations and judicial misconduct on the part of the State court judge which this Court has found to be inadequate.

Therefore, it is respectfully recommended the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* should be denied. Furthermore, the case should be remanded to State court for failure to state a claim in the Federal Court.

### *(2) Whether Counsel Should be Appointed*

The Plaintiff also moves to appoint counsel. The United States Supreme Court has stated that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dept. of Social Services, 452 U.S. l8, 25, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (l98l). The Plaintiff's current action is civil in nature and does not affect the Plaintiff's physical liberty. There are no exceptional circumstances necessitating appointment of counsel for the Plaintiff. Additionally, the Court has recommended that the case should be remanded to the State court and therefore, it is further recommended there are no grounds to appoint counsel in this action.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Plaintiff Linda Kress' Motion to Proceed *In Forma Pauperis* (Doc. #8) should be **DENIED**.

(2) The Plaintiff Linda Kress's Motion to Appoint Counsel should be **DENIED**.

(3) The case should be **REMANDED** to state court for failure to state a claim under Fed. R. Civ. P. 8.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, __24th__ day of March, 2008.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record