UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA L. KRESS,

        Plaintiff,

vs.	Case No. 2:08-cv-54-FtM-99SPC

20TH JUDICIAL CIRCUIT, WILLIAM C. MCIVER, and BOARD OF DIRECTORS, EDISON COMMUNITY COLLEGE,

        Defendants.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #9), filed March 24, 2008, recommending that plaintiff's Affidavit of Indigency (Doc. #8), construed as a motion to proceed *in forma pauperis*, for an appointment of counsel, and to extend the time to pay the filing fee, be denied and that the case be remanded back to state court. On July 31, 2008, plaintiff filed Objections to the Proposed Findings and Recommendations (Doc. #21).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). Even in the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

The "Motion to transfer case from 20th Judicial Circuit Court of Florida" was construed as a notice of removal, and the removed document is a "Motion By Defendant to Dismiss Order to Show Cause Motion to Terminate Injunction in its Entirety Motion to Dismiss Plaintiffs Motion for Civil and Criminal Contempt Against Defendant." The attached document complains of actions taken in state court by the presiding judge in the case where she is the named defendant. The Court has carefully considered the objections raised by plaintiff, and finds no basis for jurisdiction in federal court to intervene in the actions or orders of the state court

judge.  After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #9) is hereby **accepted** and **adopted**.

2.  Plaintiff's Affidavit of Indigency (Doc. #8), construed as a motion to proceed *in forma pauperis*, for an appointment of counsel, and to extend the time to pay the filing fee, is **DENIED** in all respects.

3.  The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.  The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of September, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Parties of record